# IN THE UNITED STATE DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

**UNITED STATES OF AMERICA,**

**V.**                                         **CRIMINAL ACTION NO. 2:25-cr-00052**

**KENNETH McCORD,**

      **DEFENDANT.**

## MOTION FOR PRETRIAL RELEASE FROM DETENTION

Now comes Defendant Kenneth McCord, by counsel, Timothy J. Lafon, Michael J. Del Giudice and the law firm of Ciccarello, Del Giudice & LaFon and moves this Honorable Court to set this matter for a Pretrial Detention Hearing and to consider the arguments of the Defendant applicable to grant pretrial release. In support of this motion, Defendant states as follows:

1. The Defendant has long-term connections with the State of West Virginia having had a successful career as a State Policeman and subsequent employment in the area of law enforcement for many, many years.

2. The Defendant has ties to the community as the bulk of his life has been spent in the area, his son lives in the area and his daughter and son-in-law live close by (Ohio).

3. The Defendant has never traveled outside the country and does not have a passport.

4. There is nothing in the Defendant's record that would establish that he was any kind of flight risk.

5. The Defendant has no prior criminal history.

6. The Probation Department's only conclusion applicable to flight risk was that the Defendant has funds that could assist in his potential flight.

7. This conclusion is absolutely unfair and unmerited. Reaching this conclusion would mean any person who has assets would be a flight risk.

8. There is absolutely nothing else in the Defendant's record that would establish that he has ever been a flight risk, nor has he ever threatened the same.

9. The Defendant according to the Pretrial Services Report has no history of violence and has been a faithful police officer for many, many years.

10. The Defendant has no history of alcohol or drug abuse.

11. The Probation Department's conclusion as to safety to the community is that he has access to firearms. Of course, access can be eliminated by this Court.

12. In addition, the Probation Department claims that the present allegations states that the Defendant had sexual contact with an actual minor victim with whom he was engaging in communication video chat. There is no evidence that Defendant committed any crime applicable to actually meeting with any alleged victim that was under the age of consent in West Virginia.

13. Pursuant to U.S. Code § 3142 pretrial release should only not be considered when there is no set of conditions that can be imposed that will reasonably assure the appearance of the Defendant and protect the safety of the community.

14. Reaching the conclusion that none of these exists is simply contrary to the facts in this case. The Probation Department Pretrial Services Report shows the weakness of the United States arguments. There is no evidence to support that the Defendant has ever been a danger to anyone in the community other than the allegations contained in the criminal Indictment itself. There are no allegations that he was ever violent and he has no past history of violence. To simply

state that he is a risk to the safety of the community is disingenuous when the only evidence submitted that he had access to guns. Clearly removal of the guns and his access to the guns is a condition that would allow release.

15. There is no evidence to support the fact that the Defendant is a flight risk.

16. There are conditions upon which the safety of the community can be assured and Defendant's appearance can be assured.

17. The Defendant has a residence in Charleston, West Virginia in which he could be required to be placed on home confinement with electronic monitoring.

18. Probation could search the premises to ensure that there are no guns or computer equipment.

19. The Court could make as part of Defendant's pretrial release Order that the Defendant is barred from having guns or computer equipment during the pendency of his case.

20. 18 U.S. Code § 3142(c)(1)(B)(i) allows for a third-party custodian to act on behalf of the Defendant who would agree to assume supervision and to report any violation of the release of conditions to the Court if the designated person is able to reasonably assure that the judicial officer that the person will appear as required and would not pose a danger to any other person or the community.

21. At the hearing in this matter, the Defendant will present a proposed third-party custodian who has pledged to abide by the above-mentioned requirements. The third-party custodian, Mr. John Pozega who is an upstanding person and member of the community. Mr. Pozega resides in Kanawha City and operates numerous businesses and would be in the near proximity of the Defendant in order to properly monitor him. Mr. Pozega will be at the hearing to

answer any of the Court's questions and to present testimony applicable to his pledge to follow the rules. He is an upstanding member of the community, upright in character and credibility.

22.    Therefore, there are certainly conditions in which the Defendant's appearance can be assured and that he would not be a risk to the safety of the community. First of all, there is absolutely no evidence to support the conclusion that Defendant would be a threat to the safety of the community and would be a threat of no appearance. In fact, the Defendant believes that he will rebut any presumption relied on by the United States. The Defendant has had a long and honorable career and has been an upstanding person in the community up until the time of this Indictment. In fact, Defendant's background is exemplary. With all due respect to the Court, if this Defendant does not qualify for pretrial release, which should be the expectation in Federal Courts, then in fact no Defendant would qualify.

THEREFORE, the Defendant moves this Honorable Court to set this matter for a hearing and to consider Defendant's arguments, and to grant pretrial release according to the above-mentioned criterion. The Defendant is presently housed in Carter County Detention Center, which is a considerable distance from his counsel and makes preparation for trial very difficult in this matter. The trial has been continued until September 9, 2025, and it is necessary that the Defendant be available for his counsel's consultation and for such other and further relief as the Court deems appropriate.

**KENNETH McCORD**

**By Counsel,**

/s/ Timothy J. LaFon
Timothy J. LaFon, (WV #2123
Michael J. Del Giudice (WV #982)
1219 Virginia St, East, Suite 100
Charleston, WV 25301
Counsel for Defendant

IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**UNITED STATES OF AMERICA,**

**V.**     **CRIMINAL ACTION NO. 2:25-cr-00052**

**KENNETH McCORD,**

   **DEFENDANT.**

## CERTIFICATE OF SERVICE

I, Timothy J. LaFon, do hereby certify that the foregoing **"MOTION FOR PRETRIAL RELEASE FROM DETENTION"** has been served upon all parties via the Court's electronic filing system on the 15th day of May 2025:

> Jennifer Rada Herrald, Esquire
> Assistant United States Attorney
> 300 Virginia Street East
> Room 4000, United States Courthouse
> Charleston, WV 25301

**CICCARELLO, DEL GIUDICE & LAFON**

By: /s/ Timothy J. LaFon
   Timothy J. LaFon (WV #2123)
   Michael J. Del Giudice (WV #982)
   Attorney for Defendant