IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                    CRIMINAL NO. 2:25-cr-00052

**KENNETH MCCORD**

**RESPONSE OF THE UNITED STATES TO DEFENDANT'S
<u>MOTION FOR PRETRIAL RELEASE</u>**

Now comes the United States of America, by Jennifer Rada Herrald, Assistant United States Attorney for the Southern District of West Virginia, and responds to defendant Kenneth McCord's motion for pretrial release. For the reasons stated below, defendant should remain detained pending trial.

A. *Background*

Defendant, a man with over 25 years of law enforcement experience, is currently charged in a four-count indictment of child pornography offenses against two identified minors. Two of the counts allege violations of 18 U.S.C. § 2251 (production of child pornography) and another alleges a violation of 18 U.S.C. § 2252A(a)(2) (receipt of child pornography); the United States has invoked a rebuttable presumption of detention as to all three of these charges.

Defendant was first identified when a mother in California discovered that her 15-year-old son had been exchanging sexually explicit messages and images with an adult male, later identified

as defendant. Many of these messages are detailed in the affidavit to the criminal complaint in this case (ECF No. 1), and the facts alleged in that affidavit are incorporated herein by reference. The California victim is identified in Count One and Two of the indictment as Minor Victim 1; those charges relate to production and receipt of child pornography.

On March 19, 2025, McCord was arrested on the criminal complaint and a search warrant was executed on his phone. Prior to his arrest, defendant voluntarily answered questions from the FBI. Agents showed him a photograph of Minor Victim 1, and McCord admitted that he had met the minor on the hook-up app Grindr. He inaccurately stated that the minor was 16 years old, in direct contradiction to statements from his chats where he noted that the minor was 15 years old. In response to the question, "Does [Minor Victim 1] have, like, use apps or just regular messaging or what," and without any prior mention of any sexually explicit chats or pictures, defendant volunteered the following: "He's 16, that's all I know, and we went back and forth and, yeah, showed each other genitals, masturbated together, things like that." Defendant attempted to justify his actions by stating that the age of consent for sexual activity in West Virginia is 16, although under both federal and West Virginia law[1] no minor under the age of 18 can consent to being photographed or filmed while engaged in sexually

---

[1] *See* W.V. Code §§62-82-1 and 62-82-2.

explicit conduct. He also admitted that the child sent him "naked" photographs. As he was being handcuffed and patted down, defendant stated, "I just want to die. I do. I mean, I'm not going to give you guys any trouble, but I'm just, I'm done guys. I'm done."

Shortly after he was placed under arrest, defendant asked to call his son. He was permitted to speak to his son on speaker phone in the presence of law enforcement. He told his son that he had messed up and exchanged sexual images and videos with a 16-year-old boy. He also told his son that he was suffering from depression.

Law enforcement subsequently searched defendant's phone and located the conversations referenced in the complaint affidavit between him and Minor Victim 1. These chats included sexually explicit photographs of Minor Victim 1. Law enforcement also located another conversation from July 2024 with a minor boy from Putnam County, West Virginia, who is identified in the indictment as Minor Victim 2. The conversations, which involved hundreds of messages, occurred a few weeks after Minor Victim 2 turned 16. The messages were predominantly sexual in nature. In the initial messages, defendant told the minor, "Of course you've already seen me naked so I'm limited on the tease factor." Defendant also received numerous pictures depicting the minor's genitals.

On June 2, 2024, defendant thanked Minor Victim 2 for the "nice stroke video." On that same date, defendant told Minor Victim

2, "I really like guys your age. Both physically and conversation-wise. And you're always horny. But thin young guys are hard to find in this state!"

In one exchange on July 3, 2024, when defendant and Minor Victim 2 discussed meeting to have sex, the following exchange occurred:

> **Minor Victim 2:** I don't think you know how handsome you are. You're really attractive to me, like my dick is throbbing rn [right now]
>
> **Defendant:** I don't believe you – show me.
>
> [Minor Victim 2 sends a video of his erect penis]
>
> **Defendant:** Okay. That whole video is sexy

In the late evening on July 3, 2024, defendant traveled to Putnam County to have sex with Minor Victim 2. They discussed the encounter in detail on July 4, 2024. Defendant told Minor Victim 2, "And your attitude towards sex and bedroom skills are phenomenal. Especially for someone your age." He also told the teen, "And your dick is even better in person." The two met for sex again two days later.

B. *18 U.S.C. § 3142(g) Factors*

   1. *Rebuttable Presumption*

The United States has invoked the rebuttable presumption of dangerousness under 18 U.S.C. § 3142(e)(3). While defendant has community ties and a potential release residence, that alone does not automatically rebut the presumption. While defendant has

4

proffered a potential third-party custodian, this would be at most a part-time role. Typically in cases of this nature a third-party custodian resides with the defendant to provide essentially round-the-clock monitoring to ensure that defendant is complying with any terms of release, including the prohibition to use any cellular or computer devices. A defendant left unattended the majority of the time could easily violate these imperative terms of release and hide it from the third-party custodian when and if they were to stop by. The lack of supervision with the proposed release plan renders it insufficient to rebut the presumption.

Even if, however, the Court were to find that the presumption has been rebutted, the presumption still has an important role to play in the overall assessment of danger. Even after being rebutted, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by district court." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001); *see also United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). This is because Congress has designated such crimes as particularly dangerous, and courts should keep this consideration in mind when evaluating the factors under 18 U.S.C. § 3142(g).

   *2. 18 U.S.C. § 3142(g)(1) – Nature of the Offense Charged*

Defendant's crimes are egregious and involve the victimization of at least two minors approximately 40 years his

juniors. Production of child pornography is one of the most serious federal offenses, and defendant has engaged in this offense on multiple occasions with at least two minors. This factor weighs strongly in favor of detention.

*3. 18 U.S.C. § 3142(g)(2) – Weight of the Evidence*

The case against defendant is strong and based almost entirely on documented communications between defendant and the victims that were recovered from his phone. Defendant also admitted to the conduct involving Minor Victim 1, although he attempted to deceive law enforcement about the child's actual age. Such deception, particularly by a law enforcement officer to his fellow officers, is a significant sign of consciousness of guilt. The case against defendant on two charges that carry significant penalties (15 to 30 years in prison) is nearly indisputable. This factor thus weighs strongly against release.

*4. 18 U.S.C. § 3142(g)(3) – History and Characteristics of Defendant*

Contrary to defendant's arguments, his extensive history in law enforcement weighs heavily against him. As United States District Judge Berger noted in her denial of a motion to revoke a detention order in *United States v. Larry Clay*, "Much like a defendant who is alleged to have committed a crime while under court supervision, a defendant who is alleged to have committed a crime while entrusted with the responsibility and power of law enforcement has abused trust and demonstrated disdain for the laws

he was charged with enforcing." Case No. 2:21-cr-00062, ECF No. 25 (April 19, 2021). Defendant engaged in serious sex crimes against at least two minors all while presenting himself to the world as an upstanding member of society and dedicated law enforcement officer. He attempted to stay just barely on the side of legality with regard to sex with a newly-16-year-old boy, but his repeated production of child pornography, receipt of child pornography, and possession of child pornography were unquestionably criminal. When a member of law enforcement takes an oath to uphold the law and then breaches that oath in such an egregious manner, he has shown a contempt for the law that undermines any argument for his abiding by conditions of pretrial release.

*5. 18 U.S.C. § 3142(g)(4) – Danger Posed to Community*

Defendant has targeted minors for sexual gratification both online and in his own community. He did this while knowing, as a veteran law enforcement officer, that child pornography was illegal. His release proposal appears to be for him to live alone with occasional monitoring by a third-party custodian who lives elsewhere and "operates numerous businesses." The fact that a third-party custodian "would be in the near proximity" of defendant, in that he would be in roughly the same area of Charleston as defendant, is insufficient to mitigate the danger defendant poses to minors both in the area and around the world. In his conversations with Minor Victim 1, he indicated that he was

7

also chatting with multiple teens online. A third-party custodian busily attending to multiple businesses during the day would have little ability to ensure that defendant was not secretly accessing a phone or the internet or otherwise in contact with minors. And defendant has shown remarkable aptitude in deceiving others about his exploitation of children — he was able to hide his behavior from the very law enforcement officers he worked with day in and day out. And given the nature of the danger defendant poses – the sexual exploitation of children – the significant risk cannot be mitigated by an occasional check in from a third-party custodian.

For the above reasons, there is no combination of conditions that would adequately assure that the public would be protected from defendant and to ensure compliance with any necessary conditions of release, and his request for release on bond should be denied.

                                      Respectfully submitted,

                                      LISA G. JOHNSTON
                                      Acting United States Attorney

                    By:
                                      /s/ Jennifer Rada Herrald
                                      Jennifer Rada Herrald
                                      Assistant United States Attorney
                                      WV Bar No. 12181
                                      300 Virginia Street, East
                                      Room 4000
                                      Charleston, WV 25301
                                      Telephone:  304-345-2200
                                      Fax: 304-347-5104
                                      Email:  Jennifer.herrald@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION FOR PRETRIAL RELEASE" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 21st day of May, 2025, to:

>Timothy J. LaFon, Esq.
>Michael J. Del Giudice, Esq.
>Ciccarello, Del Giudice & LaFon
>1219 Virginia St. E., Suite 100
>Charleston, WV 25301

>/s/ Jennifer Rada Herrald
>Jennifer Rada Herrald
>Assistant United States Attorney
>WV Bar No. 12181
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone:  304-345-2200
>Fax: 304-347-5104
>Email:  Jennifer.herrald@usdoj.gov