IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                CRIMINAL NO. 2:25-00052

KENNETH MCCORD

MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of the defendant to transfer.  See ECF No. 57.  In that motion, defendant asks the court to order his transfer from Carter County Detention Center to South Central Regional Jail.  According to the motion, the distance from Carter County to Charleston, West Virginia makes it difficult for his attorney to visit the defendant.  Counsel for defendant states that he needs his client closer so that he can prepare for trial.  Defendant's motion does not cite any legal authority in support of his request that he be transferred so that his attorney does not need to make the approximate 80-mile trip to visit him.

Pursuant to 18 U.S.C. § 4086, the Attorney General, "shall provide for the safe-keeping of any person arrested, or held under authority of any enactment of Congress pending commitment to an institution."  The Attorney General has delegated authority regarding the custody of prisoners to the United States Marshal's Service (USMS).  See 28 CFR §§ 0.111(o),

0.111(k); United States v. Adams, Case No. 1:20-cr-00068, 12325121, at *1 (D.N.D. Sept. 3, 2021).

"Courts have recognized that these statutes and regulations provide the United States Marshal Service with broad authority to determine where to house its prisoners." United States v. Espinoza-Arevalo, Criminal Action No. 14-00332-02-CR-W-BP, 2015 WL 9598299, at *3 (W.D. Mo. Dec. 30, 2015). "This open-ended authority recognizes the Marshals Service's need to 'weigh concerns of expense, administration, payment, access to the premises, and the veritable plethora of factors' relative to placement." Sanders v. United States, 502 F. Supp.2d 493, 496 (E.D. Va. 2007) (quoting Williams v. United States, 50 F.3d 299, 310 (4th Cir. 1995)); see also Espinoza-Arevalo, 2015 WL 9598299, at *5 ("The United States Marshal Service must consider what facilities have room to house a prisoner, whether appropriate medical or psychiatric care is available for an inmate's specific needs, whether the inmate must be separated from other inmates in the custody of the Marshal, whether the inmate will have reasonable access to his attorney given his proximity, etc.").

Therefore, this court has no authority to direct the USMS to house a defendant at a particular location. See Lettieri v. United States Federal Marshals, 23-CV-246-LJV, 2023 WL 6880482, at *2 (W.D.N.Y. Oct. 18, 2023); Adams, 12325121, at *1; see also

2

<u>United States v. Garcia</u>, Criminal Action No. 24-cr-00106-NYW-1, 2025 WL 2021394, at *17 (D. Colo. July 18, 2025) ("[T]his Court has no authority over the United States Marshals as to where [federal pretrial detainee] is detained pending trial."); <u>United States v. Thomas</u>, No. 3:20-cr-51(SRU), 2022 WL 2315624, at *5 (D. Conn. June 28, 2022) (declining to transfer federal presentencing detainee to another facility because the decision where to house detainee "was appropriately within the USMS's discretion").

Based upon the foregoing, defendant's motion to transfer is **DENIED**.[1]

The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

IT IS SO ORDERED this 17th day of February, 2026.

    ENTER:

    *David A. Faber*
    David A. Faber
    Senior United States District Judge

---

[1] An earlier motion to transfer appears on the docket sheet.  That motion was filed before defendant's arraignment and detention hearing and should have been raised with the magistrate judge conducting those proceedings.  To the extent that motion remains pending, it is **DENIED.**